United States Court of Appeals
Fifth Circuit

**F I L E D**

August 21, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-51731
Conference Calendar

WILLIAM STEPHENS

Plaintiff-Appellant

v.

JOHN T MONTFORD; HARRIGAN SCHEMIDLY; DAVID SMITH; JOHN
WHITMORE; JURGEN SCHREMPP; DAIMLERCHRYSLER
CORPORATION; TEXAS TECH UNIVERSITY

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:04-CV-826

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

William Stephens appeals the dismissal of his lawsuit alleging violations
of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C.
§ 1962, by DaimlerChrysler Corporation (Chrysler) and Chrysler employee
Jurgen Schrempp, as well as Texas Tech University and several of its employees
(collectively referred to as the Texas Tech defendants). He contends that the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

district court judge was biased, that Schrempp has perjured himself, that the Texas Tech defendants are not entitled to Eleventh Amendment immunity, and that his RICO claims were not time-barred.

However, Stephens does not brief any argument challenging the district court's alternative grounds for dismissing the lawsuit against each of the defendants, specifically, that he failed to state a legally cognizable RICO claim against the Texas Tech defendants, that the claims against Chrysler were barred by res judicata, or that the court lacked personal jurisdiction over Schrempp. He has thus waived any challenge to the district court's alternate bases for dismissal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Stephens's conclusional assertion that these grounds for dismissal were error, raised for the first time in his reply brief, will not be considered. See United States v. Prince, 868 F.2d 1379, 1386 (5th Cir. 1989).

The district court's judgment is affirmed. Chrysler and Schrempp's motion to strike exhibits attached to Stephens's reply brief, which are not part of the record on appeal, is granted.

AFFIRMED; MOTION TO STRIKE GRANTED.